UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:08-cr-92-T-23MAP
       8:13-cv-526-T-23MAP

HECTOR OSCAR BERNANDEZ-ROCHEZ
_____/

**O R D E R**

Bernandez's motion to vacate under 28 U.S.C. § 2255 (Doc. 1, 3) challenges the validity of his conviction for conspiring to possess with the intent to distribute cocaine while aboard a vessel, for which offense he was sentenced to 135 months. The motion is time-barred and lacks merit.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[*] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [the defendant],

---

[*] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Because his conviction was final in August, 2008, Bernandez's limitation expired one year later, in August, 2009. Bernandez dated his motion to vacate in February, 2013, which is more than three years late. Consequently, Bernandez's motion to vacate is time-barred under Section 2255(f)(1).

A prisoner may acquire a delayed start of the limitation under Section 2255(f)(3), which provides for beginning the limitation on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." Bernandez asserts entitlement to relief under *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012). Although Bernandez moved to vacate within one year of *Hurtado*, that decision affords Bernandez no relief.

First, a delayed start of the limitation under Section 2255(f)(3) requires the recognition of a new right by the Supreme Court.  *Hurtado* is a circuit court decision, not a Supreme Court decision.  As a consequence, Bernandez cannot benefit from *Hurtado* under Section 2255(f)(3)'s provision for a delayed start of the limitation.

Second, *Hurtado* is factually distinguishable.  Bernandez was convicted of violating the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. § 70503(a), *et. seq.*, which is based on the constitutional authority granted to Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const., Art. I, § 8, cl. 10.  *Hurtado*, 700 F.3d at 1248-49, explains the breadth of jurisdiction under the MDLEA.

> The Supreme Court has interpreted that Clause to contain three
> distinct grants of power:  the power to define and punish piracies,
> the power to define and punish felonies committed on the high seas,
> and the power to define and punish offenses against the law of
> nations.  *See United States v. Smith*, 18 U.S. (5 Wheat.) 153, 158–59,
> 5 L. Ed.  57 (1820).  The first two grants of power are not implicated
> here:  piracy is, by definition, robbery on the high seas, *United States
> v. Furlong*, 18 U.S. (5 Wheat.) 184, 198, 5 L. Ed. 64 (1820), and the
> Felonies Clause is textually limited to conduct on the high seas, *see*
> U.S. Const., Art. I, § 8, cl. 10.  The United States relies instead on
> the third grant—the Offences Clause—as the source of congressional
> power to proscribe the defendants' drug trafficking in the territorial
> waters of Panama. The question whether Congress has the power
> under the Offences Clause to proscribe drug trafficking in the
> territorial waters of another nation is an issue of first impression in
> our Court.

*Hurtado* rejects the argument that the "Offences Clause" supports the MDLEA for drug activity that occurs within a foreign country's territorial water.  "Because drug trafficking is not a violation of customary international law, we hold that

- 3 -

Congress exceeded its power, under the Offences Clause, when it proscribed the defendants' conduct in the territorial waters of Panama." 700 F.3d at 1258. *Hurtado* is inapplicable to Bernandez because in his plea agreement (Doc. 92 in 8:08-cr-92-T-23MAP) Bernandez stipulates that his vessel was "located approximately 20 nautical miles north of San Andres Island and 120 nautical miles north of San Blas, Panama," which places the vessel unquestionably in international water and not a country's territorial water. "International water" is all area beyond twelve miles from land. *United States v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003). Because Bernandez was not within a country's territorial water, *Hurtado* is inapplicable and Bernandez is not entitled to a delayed start of the limitation.

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1, 3) is **DISMISSED** as time-barred and not entitled to a delayed start of the limitation under *Hurtado*. The clerk shall close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Bernandez is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA,

- 5 -

Bernandez must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the motion to vacate is clearly time-barred and not entitled to a delayed start of the limitation, Bernandez cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, Bernandez is not entitled to appeal *in forma pauperis* because he is not entitled to a COA.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Bernandez must pay the full $455 appellate filing fee without installments unless the circuit court allows Bernandez to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on May 23, 2013.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE